# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Submitted April 18, 2012                    Decided June 1, 2012

No. 11-1299

NATIONAL ASSOCIATION OF INDEPENDENT LABOR,
PETITIONER

v.

FEDERAL LABOR RELATIONS AUTHORITY,
RESPONDENT

———

On Petition for Review of an Order of
the Federal Labor Relations Authority

———

*Neil C. Bonney* was on the brief for petitioner.

*Rosa M. Koppel*, Solicitor, Federal Labor Relations Authority, and *David M. Shewchuk*, Deputy Solicitor, were on the brief for respondent.

Before: HENDERSON, TATEL, and KAVANAUGH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*:  A Navy Supervisor of Shipbuilding negotiated an agreement with two unions regarding the allocation of parking spaces at a shipyard in

Newport News. The agreement governed the parking privileges not only of the employees represented by those two unions, but also of employees represented by a third union that was not a party to the agreement. Under the agreement, employees represented by the two unions that were parties to the agreement received priority in parking over employees represented by the third union. After the Supervisor discovered that employees represented by the third union would be left without any on-site parking, the Supervisor decided not to implement the agreement. The two unions that had negotiated the original agreement objected and filed unfair labor practice charges with the Federal Labor Relations Authority. The FLRA upheld the Supervisor's decision. The case is now before us on petition for review of the FLRA's decision. We deny the petition for review.

Under the Federal Service Labor-Management Relations Statute, an agency generally may not repudiate an agreement negotiated with a union representing agency employees. *See* 5 U.S.C. § 7116(a)(1), (5); *see also American Federation of Gov't Employees, Local 2924 v. FLRA*, 470 F.3d 375, 376-78 (D.C. Cir. 2006). But the FLRA "will not find an unlawful repudiation where the agreement allegedly repudiated is contrary to law." *National Air Traffic Controllers Ass'n*, 60 F.L.R.A. 985, 986 (2005).

The question here, therefore, is whether the original agreement was contrary to law. Under the relevant precedents, the original agreement was indeed contrary to law because it governed the working conditions of employees in another bargaining unit. *See American Federation of Gov't Employees, Local 32 v. FLRA* (*AFGE*), 110 F.3d 810, 815-16 (D.C. Cir. 1997); *Dep't of the Navy, Naval Aviation Depot, Cherry Point, North Carolina v. FLRA* (*Cherry Point*), 952 F.2d 1434, 1441-43 (D.C. Cir. 1992); *see also* 5 U.S.C.

§ 7114(a)(1). In *Cherry Point*, which is the precedent most on point, we specifically held that it "would be counter to basic principles of labor law" for a labor agreement to "define[] parking privileges not just for members of the union's bargaining unit, but also for members of other bargaining units." *AFGE*, 110 F.3d at 815 (summarizing *Cherry Point*, 952 F.2d 1434). Here, too, the original agreement between the two unions and the Supervisor defined the parking privileges of members of another bargaining unit. The agreement was thus contrary to law. Therefore, the Supervisor properly refused to implement it, and the FLRA properly upheld the Supervisor's decision.

We deny the petition for review.

*So ordered.*